THE PEOPLE EX REL. WILLIAM H. MILLER v. THE JUDGE
OF THE CIRCUIT COURT FOR BAY COUNTY.

*Vacating interlocutory orders—Affidavit for attachment.*

Mandamus is the only adequate remedy to vacate an interlocutory
order not touching the merits.

.An affidavit that certain named persons, "a copartnership under the
firm name of the Lake Huron & Southwestern Railway Com-
pany, are indebted" to affiant, etc., imports a joint partnership
debt, and will support an attachment against such of them as
are non-residents.

MANDAMUS. Motion submitted June 19. Granted July 1.

*McDonell & Mann* for the relator. Mandamus lies to
compel a court to proceed with a trial on the merits,
where it has refused to do so on an erroneous ruling on
a question of law or practice, *Castello v. St. Louis C. C.,*
28 Mo., 259; or to compel the vacation of a judgment
improperly rendered by default, *People v. Bacon,* 18 Mich.,
247; or the restoration of a cause improperly stricken
from the docket, *Exp. Lowe,* 20 Ala., 330; it is the
proper remedy where there is no adequate remedy by
appeal or otherwise and there has been a manifest abuse
of discretion, *Manor v. McCall,* 5 Ga., 522; *Exp. Harris,*
52 Ala., 87; *State v. Com. Pleas,* 38 N. J. L., 182.

*Holmes, Collins & Stoddard* for respondent. Man-
damus does not lie to compel a court to come to any
particular conclusion, *People v. Wayne County Judge,* 1
Mich., 359; and the party applying for the writ must
show a clear legal right and absence of any other ade-
quate remedy, *People v. Wayne Circ. Judge,* 19 Mich.,
296; it will not lie to review irregularities in judicial
action, *Mabley v. Judge of Superior Court,* 32 Mich., 190,
nor discretionary rulings, *People v. Branch Circ. Judge,*
17 Mich., 67; *People v. Judge of Probate,* 16 Mich., 204;
see *People v. Judges of Branch Circuit,* 1 Doug. (Mich.),

319; *Willis v. Gimbert*, 27 Mich., 91; *Stall v. Diamond*, 37 Mich., 429; parties bound by the same note may not be joint debtors, *Church v. Edson*, 39 Mich.

CAMPBELL, C. J.  Relator commenced suit against six defendants, two of whom were set forth as non-residents, and as against them an attachment was sued out and levied on the property of one of them, upon whose motion, .the attachment was quashed.  Mandamus is asked for to vacate this order.  The writ contained the usual summons clause against all the defendants, and only the attachment was quashed.

The only grounds now urged in support of the action of the circuit court are the insufficient allegations of joint indebtedness.  The affidavit sets forth "that Sylvester Hale, Charles D. Hale, Charles H. Prescott, Thomas M. Hubbell, Alexander McRoberts and William C. Stevens, a copartnership under the firm name of the Lake Huron & Southwestern Railway Company, are indebted to him, said Miller, in the sum of two thousand dollars over and above all legal set-offs, as near as may be, and as near as he can estimate, and that the same is now due upon express contract."

It is objected that we have statutes relating to promissory notes and bills, whereby parties who are not joint obligors may be united in one suit, and that this affidavit does not exclude the possibility of such a case.

We think that the fair and natural meaning of the affidavit refers to a joint partnership debt, and that we cannot justly imagine any intendment contrary to this plain meaning.  We think the affidavit was sufficient and that it was erroneous to quash it.

As this is an interlocutory order not touching the merits, a mandamus is the only adequate remedy to vacate it.

The writ is granted with costs.

The other Justices concurred.