## SEILNACHT v. WAYNE PROBATE JUDGE.

MANDAMUS — APPEAL AND ERROR — REVIVAL OF COMMISSION ON CLAIMS—PROBATE COURTS—APPEAL.

> Mandamus is not the appropriate remedy to review in the Supreme Court the denial of a petition to revive a commission on claims in probate court. The orders and decrees of the probate judge are ordinarily reviewable in the circuit court by appeal (3 Comp. Laws 1915, § 14145, note), or by certiorari and mandamus. Except in exigencies of a nature requiring the remedy in this court, the writ is not allowed for the purpose of reviewing directly probate orders and judgments.

Mandamus by Frieda Seilnacht and Sophia Pfrengle against Edgar O. Durfee, judge of probate for the county of Wayne, to compel respondent to revive the commission on claims in the matter of the estate of Theresa Mueller, deceased. Submitted January 24, 1916. (Calendar No. 26,980.) Writ denied March 30, 1916.

*Stephen H. Howey,* for relators.
*William E. Henze,* for respondent.

PER CURIAM. Relators seek by mandamus from this court to compel respondent to grant their petition for revival of the commission on claims in the matter of the estate of Theresa Mueller, who was a resident of Wayne county, and died intestate on June 13, 1911, leaving property to be administered, and as heirs at law certain nephews and nieces.

The merits of their demand cannot be considered by this court in this proceeding. Relators have mistaken their court, if not their remedy. The order to show cause herein was inadvertently granted. We are

not unmindful that rare instances may be found where this court has by direct proceeding reviewed the action of a probate court in some exigency, or for exceptional reasons peculiar to the case; but they are in no sense a precedent for such practice in other cases. The announced policy of this court and settled practice is to the contrary, where resort may be had to the circuit court. This case discloses no features making it an exception to the general rule.

By statute the primary authority to review orders and decisions of probate courts is conferred upon the circuit courts. 1 Comp. Laws, § 669, re-enacted by Act No. 238, Pub. Acts 1911 (3 Comp. Laws 1915, § 14145, note). They have power to issue writs of mandamus and certiorari to probate courts, and the practice in such cases is prescribed by Circuit Court Rule 46. The circuit courts are thus equipped to exercise, by appropriate process, appellate control over probate courts in the first instance. No exigency appears here to prevent application to that court.

The action sought to be reviewed is a *denial* by the probate court of relators' petition, which, if valid, is a final disposition of their claim. Not only have circuit courts power to issue writs of mandamus and certiorari to probate courts, but by authority of the statute cited:

"Appeals may be taken to the circuit court from orders, sentences, decrees, or denials of the probate court, and the circuit court reviews the order, etc., appealed from, and such order is made as in the opinion of the court the probate court should have made and the case is remitted to the probate court for further proceedings." Cheever's Probate Law (3d Ed.), p. 326.

Writ denied.