SMOLENSKI v. KENT PROBATE JUDGE.

1. JUDGES—PROBATE—DISQUALIFICATION—GUARDIANSHIP—ADMINISTRATOR—PARTIES.

Order of probate judge, approving a compromise settlement whereby estate of a deceased person sustained a substantial loss as to an investment made by guardian of estate of person now deceased in an incumbered vendor's interest in a parcel of real estate, was valid, notwithstanding such probate

judge was a brother-in-law of guardian's surety from whom the interest in real estate had been purchased, as the probate judge was not related to anyone who was a party interested in the order of which complaint was made, such order having been made in the administration proceedings of the estate and not in the guardianship proceedings terminated several years before the order approving the compromise.

2. COURTS—PROBATE COURTS—STATUTES.

The practice and powers of the probate court relative to the administration of estates of deceased or incompetent persons are prescribed and controlled by statutes.

3. SAME—PROBATE COURTS—STATUTES—JURISDICTION.

An attempted action by the probate court in violation of statutes controlling its power to act is a nullity because of the lack of jurisdiction.

4. SAME—PROBATE COURTS—REHEARINGS.

Except for a period of three months, probate courts are without power to grant rehearings (Act No. 288, chap. 1, § 19, Pub. Acts 1939, as amended by Act No. 26, Pub. Acts 1941).

5. SAME—PROBATE COURTS—REHEARINGS—JURISDICTION.

A probate judge is without jurisdiction to rehear and review an adjudication made by another probate judge five years earlier (Act No. 288, chap. 1, § 19, Pub. Acts 1939, as amended by Act No. 26, Pub. Acts 1941).

6. MANDAMUS—PROBATE COURTS—REHEARINGS—JURISDICTION.

Mandamus is available to party claiming probate judge's order granting a rehearing was not within his jurisdiction as there is no right of appeal from such an order (Act No. 288, chap. 1, § 37, Pub. Acts 1939).

7. APPEAL AND ERROR—PROBATE COURTS—INTERLOCUTORY ORDERS.

There is no appeal to the circuit court as a matter of right from an interlocutory order of the probate court.

8. MANDAMUS—CIRCUIT COURTS—PROBATE COURTS.

The power of a circuit court to issue a writ of mandamus to review orders of a probate court within the jurisdiction is conferred upon circuit courts by the Constitution since the probate court so located, in the sense of grade, is an inferior court (Const. 1908, art. 7, § 10).

9. COURTS—PROBATE COURT ORDERS—REVIEW BY CIRCUIT COURT.

By statute the primary authority to review orders and decisions of probate courts is conferred upon the circuit courts (3 Comp. Laws 1929, § 13941).

10. MANDAMUS—PROBATE COURTS—JURISDICTION.

A writ of mandamus may issue to compel a probate court to vacate an order which it had no jurisdiction to enter.

11. SAME—ADEQUACY OF REMEDY AT LAW—SPECIFIC REMEDY IN EQUITY.

Mandamus is the proper remedy for enforcing a specific legal right for which there is no other adequate legal remedy and it is not excluded by other legal remedies which are not adequate to secure the specific relief needed nor by the existence of a specific remedy in equity.

12. SAME—INTERLOCUTORY ORDERS.

Mandamus is the only adequate remedy to vacate an interlocutory order not touching the merits.

13. SAME—CIRCUIT COURT—PROBATE COURT—REHEARING—JURISDICTION.

Mandamus was properly granted by circuit court to compel probate court of same county to vacate an order the sole effect of which was to rehear and redetermine identical matter adjudicated by a different probate judge over five years previously, such later order being without jurisdiction of probate court and void (Const. 1908, art. 7, § 10; Act No. 288, chap. 1, § 19, Pub. Acts 1939, as amended by Act No. 26, Pub. Acts 1941).

14. COSTS—CIRCUIT COURT—PROBATE COURTS—JURISDICTION.

No costs are allowed on appeal in nature of certiorari to review circuit court's order directing probate judge to vacate order made without jurisdiction of probate court (Act No. 288, chap. 1, § 19, Pub. Acts 1939, as amended by Act No. 26, Pub. Acts 1941).

CHANDLER, C. J., and STARR and BUSHNELL, JJ., dissenting.

Appeal from Kent; Verdier (Leonard D.), J. Submitted October 14, 1941. (Calendar No. 41,757.) Decided March 17, 1942. Rehearing denied May 18, 1942.

Petition by John J. Smolenski, administrator of the estate of Joseph Svitojus, deceased, for a writ of mandamus to compel Clark E. Higbee, Kent Probate Judge, to set aside an order. Writ granted. Defendant reviews by appeal in the nature of certiorari. Affirmed.

*John M. Dunham,* for plaintiff.

*Olis, Vasalle & Lapinskas* and *Fred P. Geib,* for defendant.

Chandler, C. J. (*dissenting*).   Litigation involving the estate of the above-named decedent, Joseph Svitojus, has been before this court upon two former occasions.   See *Svitojus* v. *Kurant,* 293 Mich. 291; *In re Svitojus Estate,* 296 Mich. 19.   To detail the facts in connection with the instant case and those connected with the former litigation would mean a mere repetition of what we said in the opinions in the above-mentioned cases.   We will, therefore, limit our review to only those facts necessary for determination of the question or questions involved in this appeal.

On November 1, 1940, Juozas and Zuzana Svitojus, father and mother of decedent and his sole heirs at law, filed a petition in the probate court for the county of Kent, where administration of the above-named estate is pending, setting forth in detail certain orders made in the matter of this estate and the estate of Joseph Svitojus, an incompetent person, by Judge Dalton, one of the probate judges in and for the county of Kent (said decedent and said incompetent being one and the same person), which are claimed to be null and void, and which are described in said petition as order of November 30, 1930, allowing the final account of the guardian Joseph Kurant in the estate of the mentally incompetent; order of January 27, 1931, discharging said guardian and cancelling his $10,000 bond signed by Frank D. McKay as sole surety; and order of September 10, 1935, authorizing the administrator of the estate of the decedent, John J. Smolenski, to settle and compromise a claim of said estate amount-

ing to approximately $10,000 against Ernest Buffin and Elnora Buffin, land contract purchasers, for $3,069.

The foregoing petition seeks to nullify the order made by Judge Dalton authorizing the compromise above mentioned for the following reasons:

(1) Because said order was made by a disqualified judge, namely, Hon. John Dalton, who was then and there a brother-in-law of Frank D. McKay, who was surety upon the bond of Joseph Kurant, guardian, and who was the person who received the money of said mentally incompetent as a result of unlawful investments made by Kurant and McKay, which were a fraud upon said estate and upon the probate court for the county of Kent.

(2) Because the orders aforesaid were based upon a final account fraudulent in law and in fact.

(3) For the reason that all of said orders are void because made by a disqualified judge for the reasons before stated, and also are null and void because said orders were made and procured as a result of fraud, collusion and conspiracy by and between said guardian Kurant, McKay, his surety, and the administrator of the estate of Joseph Svitojus deceased.

It appears from the record that simultaneously with the filing of this petition, one was filed in said probate court in the matter of the incompetent's estate seeking the vacation of the orders referred to above for the same reasons, and the petition in the instant case asks for a consolidation of the two petitions for hearing before said probate court.

Objections to the granting of this petition were filed by plaintiff in this proceeding, John J. Smolenski, administrator as aforesaid, who appeared specially in said probate court for the sole purpose

of filing objections, and to move for the dismissal of the petition praying for an order vacating said orders made in said proceedings for the following reasons:

"1.   Said petition is in effect a petition for a rehearing [and?] can be granted only in the cases provided by statute.

"2.   The probate court is a court of statutory jurisdiction and there is no statute or rule giving jurisdiction in such a case.

"3.   The applicable statute, 3 Comp. Laws 1929, § 15591, and Act No. 288, § 19, Pub. Acts 1939 (the probate code), both provide that a rehearing may be granted only within 90 days from the date of the making of any order, decree or judgment.

"4.   No rehearing can be granted more than 90 days thereafter.

"5.   The orders complained of and which are sought to be vacated by said petition were all made prior to the year of 1932.

"6.   The language used by Judge Raymond in the case mentioned in said petition and the language used by Judge Moll in the circuit court, chancery case, and the language used in the opinion of the Supreme Court of Michigan on appeal of the latter case upon which petitioner's counsel relies is mere dictum and of no force or effect.

"It follows, therefore, that said petitioners have no remedy in probate court and said petitions should be dismissed."

This motion was brought on for hearing before the Hon. Clark E. Higbee, one of the probate judges in and for the county of Kent, who on December 12, 1940, entered an order dismissing the petition of the heirs of said decedent.

On December 30, 1940, the said heirs moved said probate court for a rehearing upon said motion to

dismiss, which motion on April 12, 1941, was granted by said probate court, and the following order was entered in said cause:

"At a session of said court held in the probate court room in the county building, Grand Rapids, Kent county, Michigan, on the 12th day of April, 1941.

"Present: Honorable Clark E. Higbee, Probate Judge.

"This cause having been brought on to be heard upon application for a rehearing by Juozas Svitojus and Zuzana Svitojus, heirs of said deceased, upon the order made herein on the 12th day of December, 1940, dismissing a petition praying for the vacation of an alleged order of this court made in this cause on September 10, 1935, by Honorable John Dalton, Probate Judge, petitioners appearing by their attorney Fred P. Geib, and John J. Smolenski, administrator of said deceased, appearing by his attorney, John J. Dunham, Esq., and Joseph Kurant and Frank D. McKay, guardian and surety, respectively, of Joseph Svitojus, mentally incompetent (now deceased) appearing by McDonald & McDonald their attorneys, and the court having heard the proofs and allegations of the parties and having duly considered the same and having found:

"1. That this court was in error in making the said order of December 12, 1940, and that a rehearing should be granted upon said order and that the petition to declare the said alleged order of September 10, 1935, null and void *ab initio* should have been granted.

"2. That Judge John Dalton and Frank D. McKay are brothers-in-law and were brothers-in-law on September 10, 1935, at the time the order in question was attempted to be made;

"3. That at the time the said order of September 10, 1935, was made, Frank D. McKay had a

financial interest in the subject matter of said order;

"4. That by reason of such relationship and of such interest, Judge John Dalton was disqualified by statute from making the order in question, and that the order is, therefore, totally null and void *ab initio.*

"*Therefore, it is hereby ordered:*

"1. That the application of Juozas Svitojus and Zuzana Svitojus, heirs of said deceased, for a rehearing upon said order of December 12, 1940, is hereby granted.

"2. That the said order of December 12, 1940, is hereby vacated and held for naught.

"3. That the alleged order of September 10, 1935, was and is null and void *ab initio.*

"4. That counsel for the parties in interest may arrange with the register of the court to set a day for hearing upon the subject matter of said order of September 10, 1935, and in the same manner as though said order of September 10, 1935, had never been made therein.

"CLARK E. HIGBEE, Probate Judge."

After the entry of this order the plaintiff herein, Smolenski, as administrator, petitioned the circuit court for the county of Kent praying for issuance of a writ of mandamus commanding said probate judge, Hon. Clark E. Higbee, to vacate the order so made by him as aforesaid on April 12, 1941.

Upon the filing of said petition, and on April 30, 1941, the Hon. Leonard D. Verdier, one of the circuit judges in and for the county of Kent, entered an order requiring said probate judge to show cause why such writ of mandamus should not issue as prayed. On May 6, 1941, said probate judge, the defendant herein, filed an answer to said order deny-

ing that plaintiff was entitled to the writ of mandamus as prayed.

A hearing was had upon said petition and answer, and upon July 17, 1941, said Circuit Judge Verdier made an order authorizing the issuance of the writ of mandamus as prayed.

A motion was made by respondent for a rehearing, and for the vacation of said order granting said writ, which was denied on July 31, 1941, by said circuit judge.

It is from this order granting said writ as aforesaid that this appeal is taken.

We find the record here presents but one question for our consideration, namely: Is mandamus the proper remedy for review of an order, judgment or decree of a qualified probate judge in the matter of the estate of a deceased person over which said court has jurisdiction and the settlement of which is then pending in said probate court?

Probate courts of the State of Michigan are vested by the Constitution and statutes of the State with that part of the judicial power of the State having to do with the administration of the estates of deceased and incompetent persons, and as to all matters connected with the administration of such estates, the jurisdiction of such courts is plenary, general and exclusive, except where its remedies are inadequate ''or the interposition of equity is necessary for some auxiliary purpose.''

In the instant case Judge Higbee was and is a qualified probate judge in and for the county of Kent, and as such had jurisdiction over the estate of the deceased Svitojus. All valid orders, judgments and decrees entered by him must control.

Any person aggrieved by the entry of any invalid order, judgment or decree is expressly granted a clear legal remedy by statute. He may appeal to the

circuit court for the county of Kent in the manner therein provided.

The appellate court may, on appeal, affirm, reverse or modify any order, judgment or decree of an inferior tribunal, but it cannot by mandamus compel the exercise of judicial discretion by any judicial officer of such inferior tribunal.

We said in *Lyle* v. *Cass Circuit Judge*, 157 Mich. 33, pages 34 and 35:

"A cardinal principle in mandamus is that judicial action will not be reviewed. We may compel a judicial officer to proceed, hear, and decide; but we can neither dictate his determination in advance nor review it after it is made. We held in *People, ex rel. Brower & Delany*, v. *Wayne Circuit Judge* (syllabus), 1 Mich. 359, that:

" 'A mandamus will be allowed to set an inferior court in motion, but not for the purpose of requiring it to come to any particular conclusion, or of retracing its steps where it has already acted, and this irrespective of the question whether the party has or has not another remedy.'

"In *United States* v. *Lawrence*, 3 Dall. (3 U. S.) 42 (1 L. Ed. 502), it was unanimously held that 'although they might command an inferior judge to proceed to judgment, yet they had no power to compel him to decide according to the dictates of any judgment but his own.'

"And in *Ex parte Hoyt*, 13 Pet. (38 U. S.) 279, 290 (10 L. Ed. 161), that:

" 'It has been repeatedly declared by this court that it will not, by mandamus, direct a judge what judgment to enter in a suit, but only will require him to proceed to render judgment.'

"In the case of *People, ex rel. Doughty*, v. *Judges of Dutchess, C. P.*, 20 Wend. (N. Y.) 658, Bronson, J., said:

" 'This presents an important question in relation to the appropriate office of the writ of mandamus. The court of common pleas, acting within the

scope of its jurisdiction, has heard and decided a matter properly brought before it for adjudication, and the question is whether we can, by mandamus, require that court to undo what it has done, on the ground that the decision was erroneous. I am of opinion that we possess no such power. I shall not stop to inquire whether the order quashing the appeal was such a final judgment upon the rights of the parties as may be reviewed by writ of error, nor whether the relator has any other remedy. *Commonwealth* v. *Judges of the Common Pleas of Philadelphia County*, 3 Bin. (Pa.) 273. I place my opinion upon the broad ground that the writ of mandamus cannot be awarded for the correction of judicial errors. This court, in the exercise of its supervisory power over inferior tribunals, can require them by mandamus, to proceed to judgment; but we cannot dictate what particular judgment they shall render. Much less can we require them to retrace their steps and reverse a decision already made. Although ministerial officers and corporations may be required by this writ to act in a particular manner, or even to reverse what they have already done, the rule is otherwise in relation to courts of justice and other bodies acting judicially, upon matters within their cognizance. Their errors, if corrected at all, must be reached by some other process than the writ of mandamus.' "

It will be noted by the order or decree entered by Judge Higbee, and hereinbefore quoted, that said probate judge in the exercise of his judicial discretion made the following findings of fact: "2. That Judge Dalton and Frank D. McKay are brothers-in-law and were brothers-in-law on September 10, 1935, at the time the said order in question was attempted to be made. 3. *That at the time the said order of September 10, 1935, was made Frank D. McKay had a financial interest in the subject mat-*

*ter of said order.* 4. That by reason of such relationship and such interest Judge John Dalton was disqualified by statute from making the order in question and that the order is therefore totally null and void *ab initio.''* Therefore the following language which we used in *Lyle* v. *Cass Circuit Judge, supra,* ''This court in the exercise of its supervisory power over inferior tribunals can require them by mandamus to proceed to judgment, but we cannot dictate what particular judgment they shall render,'' is applicable here. Judge Higbee in the making of the foregoing order was acting judicially upon matters within the cognizance of the probate court of Kent county. If said probate judge was in error in his findings of fact and conclusions of law, such error, if corrected at all, ''must be reached by some other process than the writ of mandamus.''

A few of the almost countless number of decisions of this court in support of the rule laid down in the *Lyle Case, supra,* are: *Ambos* v. *Ingham Circuit Judge,* 123 Mich. 618; *Burt* v. *Wayne Circuit Judge,* 82 Mich. 251; *Zemon* v. *Wayne Circuit Judge,* 171 Mich. 589; *Trumbull Motor Car Co.* v. *Wayne Circuit Judge,* 189 Mich. 554.

It is the contention of appellee that the order of Probate Judge Higbee, made on the 26th day of April, 1926, allowing the first annual account of the guardian which account showed the investment by the guardian and his bondsman of practically all of the assets of the estate, which was cash, in land contracts, is a bar to any future proceedings which in any way attack the legality of the order. We are cognizant of what this court said in *Nowland* v. *Rice's Estate,* 138 Mich. 146.

"The order of the probate court allowing the first account being unappealed from is conclusive upon appellant. If he desired to dispute any of the findings of the court upon the items of that account he should then have appealed. He cannot reopen it 12 years after it has been adjudicated upon the assumption that it was erroneous. Parties interested in the estate had a right to assume that the account as allowed was correct and to rely upon the order of the court as final."

This rule, however, is not held to apply where it is later discovered that in such an accounting the administrator or guardian has concealed from the court material facts. We said in *Re Horn's Estate,* 285 Mich. 145, 152, after quoting as above:

"However, where there is fraud, or breach of trust, or concealment of assets, or failure to give proper notice of the hearing, an allowance of an annual account is not *res judicata. MacKenzie* v. *Union Guardian Trust Co.,* 262 Mich. 563; *Baxter* v. *Union Industrial Trust & Savings Bank,* 273 Mich. 642; *Porter* v. *Long,* 124 Mich. 584."

In the first annual account of the guardian, he showed cash receipts of $14,056.85. He showed disbursements of $647.05, on hand $13,409.80, thus accounting for all receipts. This accounting further showed "money invested in land contracts $13,-204.88, money in savings account $204.92. Nowhere in the accounting did he disclose that these land contracts in which he had invested the incompetent's money were subject to mortgages nearly equal to the amount of the investments, nor subject to any mortgage or mortgages, which he, as guardian, had assumed for his ward and agreed to pay.

No other reasonable inference can be drawn from an examination of the record and files in the matter

of the estate of the incompetent than that these material facts were wilfully and intentionally concealed from the probate judge by the guardian and his bondsman for the purpose of securing the allowance of this account. To hold otherwise would not only be a reflection on the intelligence, but on the integrity of Judge Higbee, who allowed the account. It is perfectly obvious that the concealment of these material facts induced the allowance of this account, and is not *res judicata* of future proceedings involving the validity of said order.

It is also the claim of appellee Smolenski, administrator of the estate, that the Svitojus heirs have been guilty of laches in not acting promptly after the filing of his inventory, as administrator of the estate, which disclosed that the land contracts purchased by the guardian were subject to these prior liens. In view of the letter written by Smolenski, then a public administrator of the State of Michigan, and whose petition for appointment of himself as administrator of said estate was then pending, on October 22, 1930, to the Lithuanian consul at Chicago, who was representing the heirs, and which is quoted in full in *Svitojus* v. *Kurant*, 293 Mich. 291, 318, such a claim comes with poor grace.

The letter was written with the expectation and intention on the part of Smolenski that it would be relied upon by said consul. The following statement in said letter was absolutely false:

"The estate consists of mainly in several pieces of real estate, that the deceased sold by land contract, payments on which contracts are made monthly."

Reliance by the heirs on this communication does not constitute laches. This false and misleading statement was never corrected, and its falsity was

not discovered by the consul or his attorneys until several years later.

It is further noted that Judge Dalton, who made the order allowing the account of guardian Kurant and other orders, the validity of which is attacked, was not only a brother-in-law of bondsman McKay, but was also attorney for the guardian in the guardianship proceedings as shown by the record in *Svitojus* v. *Kurant, supra*. He knew that the estate of the incompetent was originally cash and not land contracts.

It is further contended by appellee that Judge Higbee had no jurisdiction to entertain, consider and determine the merits of the petition filed by the heirs attacking the validity of the orders entered in the matter of this estate by the brother-in-law of McKay, notwithstanding the findings of fact by said Probate Judge Higbee that said McKay *had a financial interest in the subject matter of said orders,* and that mandamus, and not review by appeal, is the proper remedy, because the order made in this instance is an interlocutory one and not appealable. An appeal however does lie from an order or decree entered upon the merits after a hearing on the allegations set forth in the petition. This is just what the appellee does not want, and we can well understand the reason in view of the fact that the final account of said appellee now on file shows that not only has the entire estate of decedent been absorbed but there is owing to the administrator upwards of $4,500 in excess of assets on hand.

The record in *Svitojus* v. *Kurant, supra,* shows that out of this estate of approximately $14,000 in cash, the heirs received an advancement of $500 and funeral expenses of approximately $500 have been paid. These are the only benefits that creditors and heirs have ever received.

If these huge losses are the result of any wrong-doing or fraud, a writ of mandamus, a writ of grace, should not be permitted to perpetuate the fraud. If the losses are honest ones a hearing on the merits, a full disclosure, should be welcomed.

It has been definitely determined by the Federal court and this Court that the probate court for the county of Kent has jurisdiction of this estate. Judge Raymond, in dismissing the bill of complaint filed by the Svitojus heirs against this appellee, Kurant and McKay, wherein fraud and conspiracy was charged against the defendants, said:

"The bill of complaint must be dismissed for want of jurisdiction, but without prejudice to further proceedings upon similar issues in the probate court for the county of Kent. An order will be entered accordingly."

When the case of *Svitojus* v. *Kurant, supra,* came on for hearing before the circuit court for the county of Kent, the evidence presented consisted of a transcript of the testimony taken in the Federal court and some additional exhibits. The trial court concluded that the order of the Federal court was *res judicata* of the case at bar, and entered a decree dismissing plaintiffs' bill of complaint, without prejudice to further proceedings in the probate court for Kent county.

The decree thus entered in the Kent circuit was, on appeal to this Court, affirmed. See *Svitojus* v. *Kurant, supra.*

We therefore submit that we should not by mandamus vacate the order of Judge Higbee and thus forever prevent investigation into the validity of the proceedings which have deprived the heirs of decedent of their inheritance.

In conformity with the many decisions of this court, it necessarily follows that the judgment of the court below granting the writ of mandamus should be reversed and the case remanded to the circuit court for the county of Kent with directions to certify these proceedings back to the probate court of said county.

Respondent should recover costs.

Starr and Bushnell, JJ., concurred in the result.

North, J. The probate court of Kent county formerly had before it the matter of the estate of Joseph Svitojus, incompetent. The incompetent died and subsequently orders were entered in the probate court which purported to discharge the guardian and the surety upon his bond. Thereupon another proceeding had its inception in the probate court. This was the matter of the estate of Joseph Svitojus, deceased. The only matter before us on this appeal arises out of this latter estate. At the outset it should be noted that neither the guardian nor his surety in the former proceedings has had any connection whatever with the estate now pending except to account to the estate of the deceased for the assets in the estate of the incompetent. And further, the administrator of the estate of the deceased had nothing to do with the estate of the incompetent, except to receipt for the assets of that estate. More than four years after the administrator was appointed he brought before the probate court a petition for authority to compromise and settle the estate's vendor's interest in the unpaid balance on a land contract at a very substantial loss. After hearing at which the heirs of the Svitojus estate were represented, and without any very definite objection on their part, the compromise settlement was

approved by an order of the probate court on September 10, 1935. This order was made by Probate Judge Dalton, one of the two probate judges in Kent county. On November 1, 1940, the heirs of Svitojus filed in the probate court of Kent county a petition to have the order of September 10, 1935, vacated. And it may be noted that at the same hearing the heirs sought to have vacated two orders entered in the estate of Joseph Svitojus, incompetent, one of such orders having been made November 7, 1930, and the other January 27, 1931; but the appeal now before us in no way involves either of these two orders or the more recent order of the probate court vacating the same. Upon a rehearing of the petition of the heirs to vacate the order of September 10, 1935, made in the estate of the deceased, Probate Judge Higbee on April 12, 1941, granted the relief sought and vacated the order authorizing the compromise settlement made September 10, 1935. The pertinent portion of this order reads: "That the alleged order of September 10, 1935, was and is null and void *ab initio.*"

Thereupon the administrator of the estate applied to the circuit court of Kent county for mandamus to compel the probate court to vacate the above quoted order. An order to show cause was issued, hearing was had, and the probate judge was directed to vacate his order of April 12, 1941, above quoted. Leave having been granted, the probate judge as defendant in the mandamus proceedings has appealed to this court in the nature of certiorari. The only question directly raised by the appeal is the right or jurisdiction of the circuit court to mandamus the probate judge to vacate the quoted order.

Mr. Justice Chandler is of the opinion that the circuit court was without jurisdiction in the man-

damus proceedings and has so written. Under the circumstances presented by this record, I cannot agree with that conclusion.

The respondent probate judge in making his order of April 12, 1941, whereby he vacated the order of September 10, 1935, was brought to his conclusion that the latter order was "void ab initio" because Judge Dalton who made the order was the brother-in-law of Mr. Frank McKay who was the surety on the bond of the guardian in the previous Svitojus guardianship proceedings. In so holding Judge Higbee was in error. As hereinbefore noted, the order of Judge Dalton made on September 10, 1935, was in the estate of Joseph Svitojus, deceased; and neither Mr. McKay nor the guardian on whose bond Mr. McKay had been surety in the estate of Joseph Svitojus, incompetent, had any interest whatever in the order made by Judge Dalton on September 10, 1935, by which a compromise settlement was made by the administrator of the estate of Joseph Svitojus, deceased, as to one of the estate's assets. So far as this record shows Judge Dalton was not related in any way to any of the parties who were interested in his making his order of September 10, 1935. He was not disqualified. His order was valid.

It is on such a record that the question is now raised as to the right of the circuit judge to issue mandamus to vacate the order made by Judge Higbee on April 12, 1941. We are of the opinion that because of the lack of jurisdiction the order of Judge Higbee was void; and since it was void mandamus by the circuit court was proper.

In the particular now under consideration the practice and powers of the probate court are prescribed by statute. These statutes are controlling.

An attempted action by the probate court in violation thereof is a nullity because of the lack of jurisdiction. No appeal was taken from the order of Judge Dalton entered September 10, 1935. The petition of the heirs filed November 1, 1940, which resulted in Judge Higbee's order of April 12, 1941, was a rehearing and a redetermination of the matter adjudicated by Judge Dalton's order of September 10, 1935. But by statute* the time within which a petition must have been filed for rehearing in the probate court was then limited to 90 days from the date of the order of which reconsideration was sought. The statute now provides 3 months. Act No. 288, chap. 1, § 19, Pub. Acts 1939, as amended by Act No. 26, Pub. Acts 1941 (Comp. Laws Supp. 1942, § 16289-1 [19], Stat. Ann. 1941 Cum. Supp. § 27.3178 [19]). Except for this limited statutory jurisdiction probate courts would be without power to grant rehearings. *Hitchcock* v. *Judge of Probate,* 99 Mich. 128. Judge Higbee was without jurisdiction to rehear and review the adjudication by Judge Dalton made more than five years earlier. Not only was there a lack of jurisdiction, but the probate code provides that there shall be no appeal "from an order granting a rehearing." Act No. 288, chap. 1, § 37, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 16289-1 [37], Stat. Ann. 1941 Cum. Supp. § 27.3178 [37]). Because of this statutory provision there was no adequate remedy at law by which the aggrieved party could review Judge Higbee's order of April 12, 1941; and under such circumstances mandamus is available. And it may be noted that since Judge Higbee's order was of an interlocutory character, there was no appeal as a

---

* See 3 Comp. Laws 1929, § 15519; Act No. 288, chap. 1, § 19, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 16289–1 [19], Stat. Ann. 1940 Cum. Supp. § 27.3178 [19]).—Reporter.

matter of right to the circuit court. But the circuit court had jurisdiction to issue an order to show cause in a mandamus proceedings. This jurisdiction is conferred upon circuit courts by the Constitution (1908), art. 7, § 10. We quote it in part:

"Circuit courts   *   *   *   shall also have power to issue writs of habeas corpus, mandamus, injunction, quo warranto and certiorari and to hear and determine the same; and to issue such other writs as may be necessary to carry into effect their orders, judgments and decrees and give them general control over inferior courts and tribunals within their respective jurisdictions."

In *Mitchell* v. *Bay Probate* Judge, 155 Mich. 550 (syllabus), we held:.

"Under section 8, article 6, of the (1850) Constitution (being the provision above quoted from the 1908 Constitution), probate courts, in the sense of grade, are inferior courts, and an application to the circuit court for a writ of mandamus   *   *   *   is the proper procedure." .

"By statute * the primary authority to review orders and decisions of probate courts is conferred upon the circuit courts. *   *   *   They have power to issue writs of mandamus and certiorari to probate courts." *Seilnacht* v. *Wayne Probate Judge,* 190 Mich. 461.

In a case wherein a probate court attempted to make an order which it "had no jurisdiction to enter" we said:

"Writs of mandamus and prohibition may issue commanding the probate judge to vacate the order entered, and prohibiting him from taking any fur-

---

* See 3 Comp. Laws 1929, § 13941 (Stat. Ann. § 27.542.)—RE-PORTER.

ther proceedings in relation to the petition on which it is based.'' *Stover* v. *Wayne Probate Judge,* 219 Mich. 566, 573.

''It (mandamus) is the proper remedy for enforcing a specific legal right, for which there is no other adequate legal remedy and is not excluded by other legal remedies which are not adequate to secure the specific relief needed, nor by the existence of a specific remedy in equity. *People, ex rel. Township of LaGrange,* v. *State Treasurer* (syllabus), 24 Mich. 468.

''Mandamus is the only adequate remedy to vacate an interlocutory order not touching the merits.'' *People, ex rel. Miller,* v. *Bay Circuit Judge* (syllabus), 41 Mich. 326.

Justice Chandler has cited *Lyle* v. *Cass Circuit Judge,* 157 Mich. 33, and numerous other cases to the proposition that: ''A cardinal principle in mandamus is that judicial action will not be reviewed;'' but the rule of these cases is applicable to ''judicial action'' in a matter wherein the tribunal had jurisdiction. Such holdings are not in conflict with those which announced the rule of law that mandamus is available to compel the vacation of an order which the court was without jurisdiction to make. In the instant case Judge Higbee was without any authority whatever to reconsider and vacate the order of Judge Dalton made more than five years earlier. In effect Judge Higbee's order was for the sole purpose of rehearing and redetermining the identical matter previously adjudicated by Judge Dalton. Because Judge Higbee was without jurisdiction his attempted order was void, and mandamus was the proper remedy by which to have such void order set aside.

The order of the circuit court entered in the mandamus proceedings is affirmed. No costs on this appeal.

Boyles, Wiest, Butzel, and Sharpe, JJ., concurred with North, J.