KURANT *v.* KENT PROBATE JUDGE.

1. COURTS—EQUITY—PROBATE—JURISDICTION.
   While in the exercise of its general jurisdiction a court of equity may grant relief from certain probate orders, no such general power inheres in probate courts whose jurisdiction is governed entirely by statute (Act No. 288, chap. 1, §§ 19–25, Pub. Acts 1939).

2. SAME—EQUITY—PROBATE COURT—RES JUDICATA—JURISDICTION.
   A party who sought equitable relief because of lack of available relief in the probate court may not, after an adverse decision, be heard to say that the probate court was always the proper forum.

3. SAME—PROBATE COURT—STATUTES.
   A party who is dissatisfied with orders of a probate court should take action in that court within the statutory period allowed for doing so (3 Comp. Laws 1929, §15519; Act No. 288, chap. 1, § 19, Pub. Acts 1939).

4. JUDGES—DISQUALIFICATION—PROBATE JUDGE.
   If knowledge that a probate judge is disqualified to act in a matter comes to the knowledge of a party after the probate court has lost jurisdiction and time for appeal has expired, equitable relief should be sought at once.

5. GUARDIAN AND WARD—APPROVAL OF FINAL ACCOUNT—DISCHARGE—RELEASE OF SURETY.
   As a necessary incident of the discharge of a guardian upon the approval of his final account, his surety is also released.

6. JUDGMENT—DISQUALIFICATION OF PROBATE JUDGE—CHANGE OF CONDITION.
   An order of a probate judge which is good on its face may not be attacked by a disappointed party to the proceeding for disqualification of the probate judge to act in the matter except as action is timely taken and prior to changes of conditions.

Circumstances under which equitable relief may be obtained from a valid judgment, see Restatement, Judgments, § 118.

Cf. Termination of liability of surety on bond of public officer provided a proper accounting is made at end of his term of office, see Restatement, Security, § 180 (1), comment a.

7. Appeal and Error—Amendment of Record—Admissions.
     Where appellant probate judge admits that able counsel had
     examined interests of heirs involved, it was unnecessary to
     grant appellee's motion to amend the record so to show.

8. Mandamus—Circuit Court—Probate Court—Rehearing—Juris-
   diction.
     Mandamus was properly granted by circuit court to compel pro-
     bate court of same county to vacate an order the sole effect
     of which was to rehear and redetermine identical matter ad-
     judicated by a different probate judge over five years pre-
     viously, such later order being without jurisdiction of probate
     court and void (Act No. 288, chap. 1, § 19, Pub. Acts 1939).

Appeal from Kent; Brown (William B.), J.
Submitted January 12, 1943. (Calendar No. 42,241.)
Decided May 18, 1943.

Petition by Joseph Kurant, guardian of the estate
of Joseph Svitojus, mentally incompetent, and
Frank D. McKay for a writ of mandamus to compel
Clark E. Higbee, Probate Judge for Kent County,
to set aside an order. Writ granted. Defendant re-
views by appeal in the nature of certiorari. Af-
firmed.

*John M. Dunham,* for plaintiffs.

*Olis, Vasalle & Lapinskas* and *Fred P. Geib,* for
defendant.

Butzel, J. Litigation involving the Svitojus
estate has been before the court in *Svitojus* v. *Kur-
ant,* 293 Mich. 291, *In re Svitojus' Estate,* 296 Mich.
19, and *Smolenski* v. *Kent Probate Judge,* 301 Mich.
8. For a full understanding of the background of
this action, we refer to the opinions containing over
90 pages in those cases. In the present case cer-
tiorari is sought to review and have vacated an

order of mandamus of the Kent circuit court direct-
ing Clark E. Higbee, judge of probate for the
county of Kent, to vacate an order made on April 11,
1941, in the matter of the estate of Joseph Svitojus,
incompetent, holding null and void an order of
Judge Dalton of the probate court, dated Novem-
ber 30, 1930, approving the final account of the
guardian, Joseph Kurant, in that estate and an
order of Judge Dalton dated January 27, 1931, ex-
onerating and acquitting said guardian and cancel-
ing his bond of $10,000 given by Frank D. McKay as
sole surety. Judge Higbee annulled these orders of
an associate judge of his court upon a rehearing
after his denial of a previous petition seeking such
annulment. He did so on the ground that Judge
Dalton who entered the orders was disqualified by
reason of his relationship to a party in interest, the
surety on the guardian's bond. Judge Higbee also
vacated an order of September 10, 1935, made by
Judge Dalton, authorizing John J. Smolenski, ad-
ministrator of the estate of Joseph Svitojus, de-
ceased, to settle and compromise a claim of the
estate amounting to approximately $10,000 against
Ernest Buffin and Elnora Buffin, land-contract pur-
chasers of certain property conveyed by McKay to
Kurant, for $3,069. That order of Judge Dalton
was upheld in *Smolenski* v. *Kent Probate Judge,
supra,* wherein, in an opinion by the majority of the
court, we decided that neither the guardian nor the
surety had any connection with the administration
proceedings in the estate of Svitojus, deceased, and
that the order of vacation of Judge Higbee was void
under the statute, 3 Comp. Laws 1929, § 15519; Act
No. 288, chap. 1, § 19, Pub. Acts 1939 (Comp. Laws
Supp. 1940, § 16289–1[19], Stat. Ann. 1940 Cum.
Supp. § 27.3178[19]), which then required a petition

for rehearing in the probate court to be filed within 90 days from the date of the order of which reconsideration is sought. Appellant seeks to distinguish that case on the ground that we held merely that Judge Higbee had no power to set aside a valid order of a fellow probate judge in a case in which the incompetent's estate was not involved. He contends that in the case at bar, the orders of Judge Dalton in 1930 and 1931 were in the incompetent's estate, and therefore void because of the judge's relation to the surety on the guardian's bond, and that they can be set aside at any time. We do not agree with appellant's contention.

Judge Higbee concluded that the orders in question were void because Judge Dalton, who made them, was the brother-in-law of the surety on the bond of the guardian. But the claim of disqualification had already been decided adversely to the heirs of decedent in the opinion of Mr. Justice North in *Svitojus* v. *Kurant, supra* (p. 303), that it was barred by laches. In effect, this decision validated Judge Dalton's orders so that Judge Higbee was in error in setting them aside, even if, as appellant claims, he otherwise would have had the power to do so. The order of September 10, 1935, was valid because Judge Dalton was qualified. The other orders were valid because, while Judge Dalton may have been disqualified, we held that their invalidity was not asserted in time. The result, in either situation, is the same. Thus when the orders of November 30, 1930, and January 27, 1931, were assailed before Judge Higbee, he was bound by prior litigation to treat them as valid.

Even if Judge Dalton's orders were void, however, Judge Higbee had no power to set them aside. While there are instances in which void orders of a probate judge have been vacated beyond the statu-

tory period (*In re Ryan,* 291 Mich. 673; *In re Gordon,* 301 Mich. 224), in none of them were such orders vacated by a fellow probate judge. In the exercise of its general jurisdiction a court of equity may grant relief from certain probate orders (*Lane* v. *Wood,* 259 Mich. 266; *Lothrop* v. *Duffield,* 134 Mich. 485), but no such general power inheres in probate courts whose jurisdiction is governed entirely by statute.* It was in recognition of this principle that Svitojus' heirs on May 27, 1938, started suit in the circuit court of Kent county, in chancery. In their amended bill of complaint therein, they claimed that they were without remedy in the probate court by reason of the statutory limitations upon the power of the probate court to set aside, vacate, or annul the orders of that court after the lapse of time fixed by statute. Having thus invoked the jurisdiction of equity because of the lack of available relief in the probate court, they cannot now be heard to say that the probate court was always the proper forum. If the heirs were dissatisfied with the original orders, they should have taken action in the probate court within the statutory period. If their knowledge of the disqualification came after the probate court lost jurisdiction and time for appeal had expired, they should have sought equitable relief at once. They had timely notice of the various acts of the guardian and of the nature of his investments in 1925, but they made no definite objection when Judge Higbee, who was not related to the surety, approved the guardian's first annual account on April 26, 1926. When Judge Dalton approved the final account of the guardian and discharged him, as a necessary incident, he also released the surety. While that order might have

---

* See Act No. 288, chap. 1, §§ 19–25, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 16289–1[19]–16289–1[25], Stat. Ann. 1942 Cum. Supp. § 21.3178[19]–21.3178[25]).—REPORTER.

been attacked within a proper time and prior to changes of conditions, it was good on its face, and the belated attack is barred by our previous decisions.

We find it unnecessary to grant appellees' motion to amend the record to show that the heirs had able counsel examining into their interests. This is admitted by appellant. We also find it unnecessary to consider appellant's claim that mandamus proceeding in the circuit court was an improper remedy for review of an order by a qualified probate judge. That question was litigated and decided in *Smolenski* v. *Kent Probate Judge, supra.* Owing to the death of Judge Higbee subsequent to the making of the order, the name of the Honorable Joseph A. Gillard, his successor, may be substituted upon the record.

The writ of certiorari is denied, with costs to appellee.

BOYLES, C. J., and NORTH, WIEST, BUSHNELL, and SHARPE, JJ., concurred. CHANDLER and STARR, JJ., concurred in the result.