THOMAS MATHIAS v. H. H. CARSON, DRAIN COMMISSIONER, ET AL.

*Drains—Description of land taken for drains.*

The description of land to be taken for public purposes should be made as definite as would be necessary for a deed, at every stage of the proceeding at which it has to be set forth.

Proceedings to condemn land for a drain are void if the description in the preliminary application therefor gives only the line of the drain without stating its proposed width.

Certiorari. Submitted Oct. 17. Decided Oct. 31.

*Alfred Russell* and *H. M. Campbell* for plaintiff in *certiorari.* In proceedings to condemn land for a public ditch a description of the ditch by giving the line thereof only is insufficient: *Milton v. Drain Comr.* 40 Mich. 229.

*Turner & Turner* for defendants in *certiorari.*

COOLEY, J. The defect in these proceedings is that they do not with sufficient certainty define the land to be taken for the purposes of the drain.

The application for the laying out of a drain gave a line merely, without indicating the width. The petition to the probate judge for the appointment of commissioners gave a more particular description of the line, but like the application, gave no width, and the bounds of the land to be taken are first given in the report of the commissioners which proposed the taking of three feet in width on each side the line described in the preceding papers. Where land is to be taken from the owner for public purposes, the description should be as definite as is necessary in a deed; and if several successive steps are to be taken, in the course of which the land must be identified and described, the description should be sufficient in every instance, that

49 Mich.—30

it may be seen that the successive steps are not referable to different premises. The importance of this is especially manifest when, as in this case, a negotiation with the owner with a view to an agreement if possible, is contemplated as a preliminary step; for if no precise description of land appears till a later stage of the proceedings, it can never be known from the record whether the negotiation was or was not for the land finally described, or whether the negotiation would have failed if the owner had been notified what the precise limits were of the land proposed to be taken.

In this case if it was competent to take six feet in width under papers which gave a line merely, it would have been equally competent to take fifty. But it is plain that a proceeding so wanting in certainty cannot be supported.

It will therefore be quashed.

The other Justices concurred.