Appellant George P. Dowling appeals from a circuit court order affirming an order of the probate court which denied his petition to modify a previous order entered September 27, 1938, in the estate of Minnie Dowling, deceased.
The material facts are not in dispute. Minnie Dowling died in March, 1937, and her will, which was admitted to probate, bequeathed $10,000 to her husband, appellant Dowling, and her household goods and furniture to her said husband and appellee, Adelaide (Dowling) Stiles, a daughter by a former marriage. As the probate court directed the payment of the legacy and confirmed a division of the household goods and furniture, those items are not involved in the present appeal. We are concerned only with the residuary estate, which was disposed of by the following provision of her will:
"I give, devise and bequeath all the rest, residue and remainder of my estate, both real and personal, of every kind and nature, wheresoever situate, and of which I may die possessed unto my said daughter, Adelaide R. Dowling, and to her heirs and assigns forever; provided, however, that if my said daughter shall die without child or children or issue of any deceased child during the life times of my said husband, George P. Dowling and of my sister Ida C. Carroll, of the city of Grand Rapids, Michigan, then, and in that event, I give, devise and bequeath the said residue and remainder of my said estate unto my said husband George P. Dowling, and my said sister Ida C. Carroll, share and share alike, or to *Page 132 
either of them surviving at the time of the death of my said daughter."
The will appointed deceased's sister, Ida Carroll, and the Grand Rapids Trust Company (now Michigan National Bank) as executrix and executor. (We hereinafter refer to them as executors.) In 1938 they filed a petition in probate court asking, among other things, for the allowance of their final account as executors and for an order assigning the residue of the estate. Appellant answered the petition, contending that a trustee should be appointed to receive and hold the personal property in the residuary estate or, in the alternative, that appellee Adelaide Stiles be required to furnish bond conditioned upon her accounting for the personal property and rendering annual accounts. There being no applicable statute at that time, appellant's contention apparently was based upon his claimed commonlaw right to have his contingent remainderman's interest protected against improvident management by appellee as the life tenant. Appellee also answered such petition. On September 27, 1938, the probate court entered an order providing in part:
"(1) That under paragraph four the residuary clause of the last will and testament of Minnie Dowling, deceased, the daughter Adelaide C. Stiles (formerly Adelaide R. Dowling) her heirs and assigns, take a fee simple estate in the residue of the estate of the deceased subject to the executory devise that if she shall die without child or children or issue of any deceased child during the lifetimes of George P. Dowling and Ida C. Carroll, then and in that event the said residue shall go to George P. Dowling and Ida C. Carroll, share and share alike, or to either of them surviving at the time of the death of Adelaide C. Stiles.
"(2) That the executors shall turn over to Adelaide C. Stiles the residue of said estate and *Page 133 
Adelaide C. Stiles shall, during the lifetimes of George P. Dowling and Ida C. Carroll, have the right to pay herself only the income from said residue, and shall invest and reinvest the corpus of said residue as she shall deem best and she is not required to make any periodic reports to this court.
"(3) That the executors shall forthwith turn over to Adelaide C. Stiles the income from the said residue since the death of said deceased, and shall, until the residue is turned over to Adelaide C. Stiles in case an appeal is taken from this order, pay the income from said residue to said Adelaide C. Stiles at such times as the parties shall agree upon."
On October 15, 1938, appellant filed notice of appeal, and on November 26, 1938, appellee filed notice of appeal from the above-quoted order. Neither appeal was perfected. By reason of such appeals, and apparently without objection, the estate was held open and the residuary estate remained undistributed. The executors continued to administer the estate, and the orders allowing their supplemental final accounts expressly provided that "the executors shall keep the estate open pending further order of the court." 3 Comp. Laws 1929, § 15728 (Stat. Ann. § 27.2893), in effect when the probate court order of September 27th was entered, provided in part:
"The probate court shall, by a decree for that purpose, assign the residue of the estate, if any, to such persons as are by law entitled to the same, subject, however, to the widow's right of dower."
The above-quoted section 15728 was repealed by Act No. 288, Pub. Acts 1939 (probate code), effective September 29, 1939. Chapter 2, § 95, of said probate code (Comp. Laws Supp. 1940, § 16289-2 [95], Stat. Ann. 1943 Rev. § 27.3178[165]) provides as follows:
"The probate court shall, by order for that purpose, assign the residue of the estate, if any, to such *Page 134 
persons as are by law entitled to the same: provided, however, that when 1 or more persons has a life estate in, or the right to the use or income, for life, of, personal property without unlimited power to take or exhaust such personal property, the probate court shall either appoint a trustee to whom such residue of personal property shall be assigned in trust for the life tenant for the duration of his estate, or require a bond with sufficient surety from the life tenant conditioned on his accounting for said personal property, and the trustee thus appointed or the life tenant furnishing bonds shall render annual accounts to the probate court in the same manner as that for which provision is made in the case of testamentary trustees."
On February 15, 1943, appellee filed petition for an order to show cause why appellant's appeal filed October 15, 1938, from the probate court order of September 27, 1938, should not be dismissed for want of prosecution. An order to show cause was issued, and on April 9, 1943, the probate court dismissed appellant's appeal. In the meantime, on February 18, 1943, appellant had filed a petition setting forth the steps and proceedings taken in the administration of the estate; that the residuary estate remained undistributed; and contending that the probate court order of September 27, 1938, should be modified or supplemented so as to comply with the above-quoted chapter 2, § 95, of the probate code. His petition prayed:
"That an order may be entered herein modifying or supplementing said order of September 27, 1938, and appointing a trustee to whom the residue of the personal property in said estate now held by said executors shall be assigned in trust for Adelaide C. Stiles during the lifetimes of Ida C. Carroll and George P. Dowling, or the survivor of them, or requiring Adelaide C. Stiles to furnish a bond with *Page 135 
sufficient surety conditioned on her accounting for said personal property, and requiring the trustee so appointed, or said Adelaide C. Stiles if she is required to furnish such bond, to render annual accounts to this court in the same manner as that for which provision is made in the case of testamentary trustees."
On April 9, 1943, an order was entered denying appellant's petition on the ground that the order of September 27, 1938, was a final order assigning the residue of the estate and could not be modified or supplemented upon a petition filed more than three months after its entry. Appellant Dowling then appealed to the circuit court. Upon a hearing, that court filed an opinion in effect affirming the probate court order denying appellant's petition. An order was entered in circuit court dismissing the appeal, and Dowling now appeals from that order.
The first question presented is whether or not, under appellant's petition filed February 18, 1943, the probate court had jurisdiction to modify and amend its final order assigning residue entered September 27, 1938.
Appellant contends that the above-quoted provision of the probate code enacted in 1939 created a new legal right and remedy which was available to him, as a contingent remainderman under the will, when he filed his petition February 18, 1943, to modify and amend the probate court order of September 27, 1938; that the probate court erred in refusing to appoint a trustee of the personal property in the residuary estate or, in the alternative, to require appellee Adelaide Stiles to furnish bond conditioned upon her accounting for such personal property and rendering annual accounts to the probate court. Appellee contends in effect that the order of September 27th was a final order assigning residue *Page 136 
and that, appellant's petition having been filed more than three months after the entry of such order, the probate court was without jurisdiction to amend it.
Act No. 288, chap. 1, § 19, Pub. Acts 1939, as amended by Act No. 26, Pub. Acts 1941 (Comp. Laws Supp. 1943, § 16289-1 [19], Stat. Ann. 1943 Rev. § 27.3178 [19]), provides in part:
"Each judge of probate shall have jurisdiction: * * *
"Of trusts and trustees in the execution of wills and administration of estates of deceased persons; * * *
"And shall have and exercise all such other powers and jurisdiction as are or may be conferred by law;
"To that end he (probate judge) may, upon the filing in saidcourt of a petition therein, within 3 months of the originalhearing, or of the rendering or making of any order, sentence ordecree, as the case may be, and after due notice to all parties interested, grant rehearings, and may modify and set aside orders, sentences and decrees rendered in such court."
 In the case of Smolenski v. Kent Probate Judge, 301 Mich. 8, a petition was filed in probate court in November, 1940, for a rehearing and to set aside an order entered in September, 1935. Mr. Justice NORTH, writing the majority opinion, said, p. 26:
"In the particular now under consideration the practice and powers of the probate court are prescribed by statute. These statutes are controlling. An attempted action by the probate court in violation thereof is a nullity because of the lack of jurisdiction. No appeal was taken from the order of Judge Dalton entered September 10, 1935. The petition of the heirs filed November 1, 1940, which resulted in Judge Higbee's order of April 12, 1941, was a rehearing and a redetermination of the matter *Page 137 
adjudicated by Judge Dalton's order of September 10, 1935. But by statute the time within which a petition must have been filed for rehearing in the probate court was then limited to 90 days from the date of the order of which reconsideration was sought. The statute now provides three months. Act No. 288, chap. 1, § 19, Pub. Acts 1939, as amended by Act No. 26, Pub. Acts 1941 (Comp. Laws Supp. 1942, § 16289-1 [19], Stat. Ann. 1941 Cum. Supp. § 27.3178 [19]). Except for this limited statutory jurisdiction probate courts would be without power to grant rehearings.Hitchcock v. Judge of Probate, 99 Mich. 128. Judge Higbee was without jurisdiction to rehear and review the adjudication by Judge Dalton made more than five years earlier."
"The judgments of the probate court stand upon the same basis as the judgments of other courts, and are conclusive. The propositions passed upon become res judicata. Burgess v.Stribling, 134 Mich. 33, 38; Lawrence v. Hathaway,128 Mich. 119, 123. This is true of an order or judgment of distribution of an estate, and the judgment, after a construction of a will, becomes res judicata of such construction."Calhoun v. Cracknell, 202 Mich. 430, 435.
"A matter once fully adjudicated is conclusively adjudicated, as between the parties and privies. Hazen v. Reed, 30 Mich. 331. A judgment is res judicata upon the points directly involved and determined therein in a subsequent suit between the same parties. Harris v. Clark, 74 Mich. 334. Decrees and orders of the probate court, made in the exercise of its jurisdiction, are as final and conclusive as those of any other court. Burgess v. Stribling, 134 Mich. 33." In re Lugies'Estate, 287 Mich. 710.
See, also, Westin v. Berrien Probate Judge, 306 Mich. 235;In re White, 300 Mich. 378 *Page 138 
(138 A.L.R. 1034); Burnham v. Kelley, 299 Mich. 452; McDannel v.Black, 270 Mich. 305.
Appellant's petition filed in February, 1943, was in effect a petition for a rehearing and to amend the probate court order of September 27, 1938. To grant such petition would in effect nullify the above-quoted statutory provision requiring a petition for rehearing to be filed within three months of the entry of the order sought to be amended. After the expiration of three months from its entry, the order assigning the residue of the estate became res judicata of the rights of the parties. As appellant's petition to amend the order was filed more than three months after its entry, the fact that the estate was held open did not operate to give the court jurisdiction to amend.
To sustain appellant's contention would result in making every probate court order subject to amendment at any subsequent time upon the enactment of a statute, which, had it been in force at the time the order was entered, would have affected the rights of the parties. The probate court did not have jurisdiction to amend its order of September 27, 1938. In view of our conclusion, other questions presented do not require consideration.
The order of the circuit court dismissing appellant's appeal from probate court is affirmed. Appellee shall recover costs.
NORTH, C.J., and WIEST, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred. *Page 139