## IN THE MATTER OF HERTLER

1. COURTS—PROBATE COURT—JURISDICTION—MINOR CHILDREN—CUSTODY.

The probate court is a court of limited jurisdiction, having only those powers prescribed by constitution or statute; thus the probate court does not have the power to hear a petitioner's asserted right to custody of minor children where the petitioner claims to be the natural father of the children even though the mother was married to another man at the time of conception.

2. PARENT AND CHILD—CLAIMED PARENTHOOD—JUVENILE PROCEEDINGS—RIGHT TO PARTICIPATE.

Petitioner claiming to be the natural father of children in juvenile proceedings in probate court to have them declared dependent and neglected has no right to participate in such proceedings unless he establishes that he is either custodian, parent, or guardian of the children (MCLA § 712A.1 *et seq.*).

Appeal from Washtenaw, James R. Breakey, Jr., J. Submitted Division 2 February 5, 1969, at Lansing. (Docket No. 4,912.) Decided February 27, 1969.

Richard Hertler petitioned the Washtenaw County Probate Court for custody of minor children George Richard Hertler and Gerald Bryan Hertler. Petition denied. Plaintiff's appeal to the circuit court was denied. Plaintiff appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 31 Am Jur, Juvenile Courts and Delinquent, Dependent, and Neglected Children § 22 *et seq.*
[2] 31 Am Jur, Juvenile Courts and Delinquent, Dependent, and Neglected Children § 56.

*Jack J. Garris,* for plaintiff Richard Hertler.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Caspar H. Kast,* Assistant Prosecuting Attorney, for the people.

*Shankland, Hiller, McCormick & Barnett,* for George Richard Hertler and Gerald Bryan Hertler.

BEFORE: QUINN, P. J., and McGREGOR and V. J. BRENNAN, JJ.

PER CURIAM. Richard Hertler appeals a circuit court judgment which denied his appeal from probate court. The latter appeal was from an order denying Hertler's petition for custody of 2 children and denying his petition for the right to participate in hearings relating to said children in proceedings filed under MCLA § 712A.1 *et seq.* (Stat Ann 1962 Rev § 27.3178[598.1] *et seq.*). The probate court order was made on the basis Hertler had no legal rights to said children nor was he their custodian.

Richard Hertler is the alleged natural father of the children involved. The oldest was born and the youngest was conceived while Hertler lived with Geraldine L. Proctor, a married woman. Proctors were divorced prior to the birth of the youngest child, and Hertler married Geraldine L. Proctor after such birth. February 28, 1964, Hertlers were divorced. No mention of the children was made in either divorce proceeding.

July 5, 1962, on petition of a social worker, proceedings were commenced in probate court to have the children declared to be dependent and neglected and that court took jurisdiction. It was in this proceeding that the order Hertler attempted to appeal to circuit court was entered.

The probate court is a court of limited jurisdiction. It has no inherent power and possesses only those powers prescribed by constitution or statute. *In re Mark T.* (1967), 8 Mich App 122. In the proceedings before it, the probate court had no power to determine Richard Hertler's asserted right to custody.

On the record before us, Richard Hertler was neither custodian, parent nor guardian of said children. He had no right to participate in the juvenile proceedings.

Affirmed, with costs to appellees.