## IN THE MATTER OF REEDY

1. LIMITATION OF ACTIONS—PROBATE CODE—PETITION FOR REHEARING.
   Probate code provisions regarding specified limitation periods for the filing of rehearing petitions upon all matters decided by a probate court are mandatory and not directive (MCLA § 712A.21).

2. LIMITATION OF ACTIONS—PROBATE CODE—PETITION FOR REHEARING—LATE FILING.
   Court of Appeals would not disturb circuit court finding that a mother's petition for a rehearing on a probate court order making her minor son a permanent ward of that court was not filed within the period prescribed by the probate code, where it appeared that the circuit court and the probate court were not in doubt regarding the late filing of that petition and acted reasonably in denying it on that ground.

Appeal from Bay, Leon R. Dardas, J. Submitted Division 3 November 7, 1969, at Grand Rapids. (Docket No. 5,655.) Decided November 26, 1969.

Marlene Reedy petitioned the Bay County Probate Court for a rehearing on its order making Robert Reedy, her minor son, a permanent ward of that court. Petition dismissed. Petitioner appealed to the Bay County Circuit Court. Affirmed. Petitioner appeals. Affirmed.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 34 Am Jur, Limitation of Actions § 69.

*Paul N. Doner* (Bay-Midland Legal Aid Society), for petitioner.

*Eugene C. Penzien,* Prosecuting Attorney, for the people.

Before: FITZGERALD, P. J., and R. B. BURNS and BRONSON, JJ.

PER CURIAM. In early May of 1966 Robert Reedy was made a temporary ward of the Bay County Probate Court. On January 25, 1967, a hearing was held to determine whether Robert was to be made a permanent ward of the court. After hearing testimony, the court took the matter under advisement and on February 7, 1967, made its decision that Robert Reedy be made a permanent ward of the court. On February 7, 1967, the director of the juvenile division of the probate court, in accordance with the court's decision, drew up an order of disposition. On May 12, 1967, petitioner, Robert Reedy's mother, filed a petition for rehearing in the probate court. On February 21, 1968, some eight days before the date finally set for rehearing, respondent filed a motion to dismiss the petition for rehearing. A hearing was held on the motion to dismiss and it was granted. Petitioner then appealed to the Bay County Circuit Court and that court affirmed. From the finding in the circuit court that petitioner had not timely filed her petition for rehearing, petitioner brings this appeal.

MCLA § 712A.21 (Stat Ann 1969 Cum Supp § 27.3178-[598.21] reads:

"Any interested person, at any time while the child is under the jurisdiction of the court, may file a petition, in writing and under oath, for a rehearing upon all matters coming within the provisions of

this chapter, and upon the rehearing the court may affirm, modify or set aside any order so reviewed. If parental rights have been terminated by an order entered in the proceedings and custody of the child has been removed from the parents, guardian or other person, the petition for rehearing shall be filed within three months from the date of entry of the order terminating parental rights; and the petition shall set forth in detail the place, manner and all other information requested by the court in reference to the proposed future custody of the child. The rehearing shall be conducted in accordance with the provisions of this chapter relative to the conduct of original hearings. At any time the court may enter an order for supplemental disposition as long as the child remains under the jurisdiction of the court."

Petitioner contends that the order of February 7, 1967 was not entered on that date but arguably was entered after February 15, 1967. Thus, petitioner claims, it is possible that her petition for rehearing came within the statutory limitation set out above.

The probate code provisions for specified limitation periods have been held to be mandatory and not directive. See *Kurant* v. *Kent Probate Judge* (1943), 305 Mich 411; *Smolenski* v. *Kent Probate Judge* (1942), 301 Mich 8; *In re Dowling's Estate* (1944), 308 Mich 129. In the present case the circuit judge found that:

"She said in some cases it may happen the order was signed a little late in the day and in that event it would be filed no later than the following day. We can infer there was a possibility that may have happened. If that did happen, if it was placed in the file and the probate register the following day that would be February 8, 1967, which was a Wednesday, and if not then, Thursday, February 9, and if not then, I am stretching it here, certainly by February

10, 1967. This is not an assumption on the part
of the court. This is an uncontradicted fact. This
is the way the filing is done in probate court.
* * *

"I would say this for the record, it may not have
been on the 7th. I have no way of asserting anything
other than it was signed that date but as far as the
filing is concerned, it certainly occurred, by the un-
contradicted proofs within 24, 48 hours from that
date which still would have made the 12th beyond
the statutory 3 months period in which to petition
for a rehearing."

It appears that the circuit court and probate
court were not in doubt and acted reasonably. This
Court will not disturb such finding of fact. GCR
1963, 517.1; *Potter* v. *Speer* (1969), 16 Mich App 329.

Affirmed.