*In re* LAKEHEAD PIPE LINE CO., INC.

1. COURTS—COURT OF APPEALS—JURISDICTION—PROBATE COURTS.
   The Court of Appeals does not have jurisdiction over appeals from probate courts.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur 2d, Courts § 111 *et seq.*
[2] 27 Am Jur 2d, Eminent Domain §§ 393, 407.
[3] 27 Am Jur 2d, Eminent Domain § 396.

2. Eminent Domain—Substitution of Commissioner—Notice.

No statute exists requiring a probate judge, sitting in a condemnation case, to give notice to the defendant that a commissioner has been appointed to replace a commissioner originally appointed but unable to serve (MCLA § 464.25).

3. Eminent Domain—Condemnation Petition—Misdescription of Property.

A condemnation petition's misdescribing the lands sought to be taken by including certain land not owned by the defendants did not constitute a jurisdictional defect where the description permitted the premises to be identified (MCLA § 464.18).

Appeal from Oakland, William John Beer, J. Submitted Division 2 October 6, 1971, at Lansing. (Docket No. 9334.)  Decided October 26, 1971.

Petition by Lakehead Pipe Line Company, Inc., seeking condemnation for right-of-way purposes over land owned by Wallace G. Lee and Ileen Lee. Probate court granted commissioners' award. Defendants appealed to circuit court. Summary judgment for defendants, setting aside confirmation of award and remanding to probate court. Plaintiff appeals. Reversed and the probate court order of confirmation of the award reinstated.

*Butzel, Long, Gust, Klein & Van Zile* (by *Leslie W. Fleming*), for plaintiff.

*Parenti, Treinen, Barry & Bobberts,* for defendants.

Before: Quinn, P. J., and Danhof and Targonski,* JJ.

Quinn, P. J.  February 13, 1969, appellant filed its petition with the Probate Court of Oakland County

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

seeking condemnation for right-of-way purposes over land of appellees. Attached to the petition was a notice of hearing for March 6, 1969. A copy of the petition and notice of hearing was personally served on appellees February 17, 1969. March 6, 1969, appellees having neither responded nor appeared, the probate judge granted the petition, set pretrial for March 13, 1969, and trial for March 27, 1969, and appointed three commissioners to determine necessity and compensation, if they found necessity. Appellees received a copy of this order about March 12, 1969, but they did not appear either March 13 or March 27, 1969.

March 27, 1969, trial was adjourned to April 24, 1969, and on the latter date, it was again adjourned to May 8, 1969. April 30, 1969, the probate judge appointed a new commissioner to replace one of the original appointees who could not act. May 8, 1969, the commissioners signed their oath and May 12, 1969, they filed their report which found necessity and awarded appellees $1,500 compensation. (We note appellees had been offered $3,069 prior to the commencement of these proceedings, and claimed they had been offered $4,000.)

May 13, 1969, appellant moved to confirm the report of the commissioners and gave notice that the motion would be heard on May 29, 1969. This motion and notice of hearing was served on appellees May 14, 1969, by mail. May 22, 1969, appellees appeared in the proceedings for the first time, and on June 2, 1969, they filed objection to confirmation of the award and moved for a new trial. After a hearing June 12, 1969, the probate judge confirmed the commissioners' report and denied the motion for a new trial.

July 1, 1969, appellees appealed to the circuit court and on October 22, 1969, they moved for sum-

mary judgment.   After hearings on October 29, 1969, and November 5, 1969, the circuit judge granted the summary judgment, set aside the award of the commissioners and the order of confirmation, granted appellees a new trial, and remanded the matter to probate court.   This appeal followed.

Appellant first contends that the circuit court had no jurisdiction on the appeal from probate court. In support of this position, appellant relies on CL 1948, § 464.23 (Stat Ann 1970 Rev § 22.226), which provides for appeal to the Supreme Court.   Const 1963, art 6, § 4, provides:

"The supreme court shall have   *   *   *   appellate jurisdiction as provided by rules of the supreme court."

GCR 1963, 851 provides:

"Appeals to the Supreme Court may only be taken from appeals pending in the Court of Appeals or after decision by the Court of Appeals, as in these rules provided."

Jurisdiction of the Court of Appeals is provided by law, Const 1963, art 6, § 10.   Our statutory jurisdiction does not include appeals from probate court, see MCLA 1971 Cum Supp § 600.308 (Stat Ann 1971 Cum Supp § 27A.308).   The circuit court had jurisdiction.

The trial judge granted appellees relief because they were entitled to notice of the appointment of a substitute commissioner and they were not so notified.   This was error.

MCLA § 464.25 (Stat Ann 1970 Rev § 22.229) authorizes the probate judge to appoint other commissioners in the place of any who are unable to serve. There is no statutory requirement for notice of such appointments, nor do we find any statutory require-

ment for notice other than the notice that was given in this case pursuant to the requirements of MCLA § 464.18 (Stat Ann 1970 Rev § 22.221).

The only other basis for the trial court's holding would be that due process required it. *Mullane* v. *Central Hanover Bank & Trust Company* (1950), 339 US 306 (70 S Ct 652, 94 L Ed 865), 314, 315, held:

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."

Our Supreme Court adopted this language in *Ridenour* v. *County of Bay* (1962), 366 Mich 225, 240.

The notice appellees received February 17, 1969, afforded them ample opportunity to present their objections to these proceedings. They chose not to do so. Appellees do not question the necessity of the taking, and at the October 29, 1969 hearing in circuit court, they belatedly indicated they would accept the $3,000 offered by appellant prior to the commencement of these proceedings. It is apparent appellees elected to see what the commissioners would award them. Their disappointment in the amount of that award is not a denial of due process.

MCLA § 464.18 (Stat Ann 1970 Rev § 22.221) requires that the petition, "shall contain the description of all the real estate, property or franchises, or so much thereof as the company seeks to acquire under such petition in said county". The petition filed complied with the statute, but it misdescribed the lands of appellees by including in the description part of the east half of the southwest quarter of the northeast quarter, not owned by appellees. It is

claimed that this is a jurisdictional defect and we are cited to *Detroit, Springwells and Dearborn R. Co.* v. *George Gartner, Circuit Judge of Wayne County* (1893), 95 Mich 318, as authority therefor. Appellees say that the case stands for the proposition that, "The description and a petition for condemnation should be as definite as is necessary in a deed". Assuming *arguendo* the validity of the authority, "It is not necessary that a conveyance shall specifically describe premises sought to be conveyed. It is sufficient if its terms are such as to permit them to be identified". *Austin* v. *Dolbee* (1894), 101 Mich 292, 294. The description complained of permits appellees' premises to be identified.

Reversed and the probate court order of confirmation is reinstated with costs to appellant.

All concurred.