65 Mich. App. 25 (1975)
236 N.W.2d 751
In re KASUBA ESTATE
DEPARTMENT OF TREASURY
v.
RICKLE
Docket No. 19973.
Michigan Court of Appeals.
Decided October 13, 1975.
*26 Frank J. Kelley, Attorney General, Robert A. Derengoski, Solicitor General, and Richard R. Roesch and Charles E. Liken, Assistants Attorney General, for the Department of Treasury.
Elmer L. Radka and Thomas R. Lewis for Dolores Rickle.
Before: V.J. BRENNAN, P.J., and D.E. HOLBROOK, and M.F. CAVANAGH, JJ.
Leave to appeal applied for.
V.J. BRENNAN, P.J.
Rose Kasuba was admitted to a state hospital as mentally incompetent by an order dated February 12, 1952. Her husband, Joseph Kasuba, was appointed guardian and was ordered to reimburse the state and county for her care. On February 19, 1952, an order for support was entered reducing the amount of his liability to 10 percent. Mrs. Kasuba was released from the hospital in April of 1957, but was readmitted by order dated June 30, 1960.
*27 Joseph Kasuba died on September 23, 1965, and Rose Kasuba became sole owner of property valued at $17,650 at that time. Dolores Rickle, a daughter of Rose Kasuba, was appointed guardian in 1968. On June 29, 1971, Dolores filed a petition to sell real estate, and an order for a hearing on claims was entered on October 6, 1971. The Department of Revenue filed a state's claim for reimbursement for care and maintenance for Mrs. Kasuba totaling $40,423.75. Notice of contest was filed by the guardian and the hearing was set for November 11, 1971. This hearing was subsequently adjourned to December 1, 1971. Plaintiff and defendant appeared on December 1, the hearing was held and the probate judge signed and filed an order allowing the claim of the state. Copies of the order were not mailed to the parties, however, until June 20, 1972. On July 3, 1972, the Attorney General filed a petition for order to show cause why the guardian should not be removed for failure to sell property and pay the claim. The Attorney General filed a petition on August 9, 1972, for reimbursement for the care and maintenance of Rose Kasuba against Mrs. Kasuba's children, in accordance with MCLA 330.21; MSA 14.811. On October 12, 1972, the guardian filed a petition for rehearing on the state's claim.
A hearing on these three petitions was held on October 19, 1972, in Presque Isle Probate Court. The probate judge dismissed both petitions of the Attorney General and granted the guardian's petition for a rehearing on the state's claim. Thereafter, the Attorney General took an appeal to the Presque Isle Circuit Court. On April 11, 1974, the circuit judge issued an order denying the state's appeal and remanding the cause back to the Presque Isle Probate Court for further hearings. Application *28 for leave to appeal was made to this Court and was granted on June 20, 1974.
The appellant raises four issues on appeal, but since we find the first issue dispositive we need not discuss the other three.
Plaintiff argues that MCLA 701.19; MSA 27.3178(19) requires the probate court to entertain petitions for rehearing within three months of the original hearing or the making of any order related thereto. Plaintiff contends that regardless of whether one counts from December 1, 1971, the date on which the order was filed, or June 20, 1972, the date on which copies of the orders were mailed to the parties, more than 90 days had elapsed, with the result that the probate court lost jurisdiction to grant relief. We agree.
The jurisdiction, powers and duties of the probate court are prescribed by statute. Const 1963, Art 6, § 15; MCLA 701.1 et seq.; MSA 27.3178(1) et seq. The power of a probate court, therefore, may not exceed that which is conferred by statute. In re Milner's Estate, 324 Mich 269; 36 NW2d 914 (1949), In re Dowling's Estate, 308 Mich 129; 13 NW2d 233 (1944), In re Thorne, 307 Mich 659; 12 NW2d 445 (1943), In the Matter of Hertler, 16 Mich App 256; 167 NW2d 817 (1969).
Section 19 of the probate code, MCLA 701.19; MSA 27. 3178(19) provides that the probate judge shall
"* * * have and exercise all such other powers and jurisdictions as are or may be conferred by law;
"To that end he may, upon the filing in said court of a petition therein, within 3 months of the original hearing, or of the rendering or making of any order, sentence or decree, as the case may be, and after due notice to all parties interested, grant rehearings, and may modify and set aside orders, sentences and decrees *29 rendered in such court. * * * [T]he court shall make and enter an order with respect to the original hearing or rehearing of contested matters within 3 months after the termination of such hearing or rehearing."
The three-month period specified in the statute has been held to be mandatory and not directive. Smolenski v Kent Probate Judge, 301 Mich 8; 2 NW2d 900 (1942), In the Matter of Reedy, 20 Mich App 268; 174 NW2d 12 (1969). It is true that the probate court has discretion in the granting of rehearings, In re Izzo, 358 Mich 101; 99 NW2d 625 (1959), but such discretion may not extend beyond the limited three-month period. In re Dowling's Estate, supra.
Defendant contends that there was no full and adequate hearing on the claim on December 1, 1971. Even if we assume this to be true, we can find no deprivation of due process. Due process requires only that a person be entitled to his day in court, to due notice of the proceeding and a reasonable opportunity to appear and defend. See Ridenour v County of Bay, 366 Mich 225; 114 NW2d 172 (1962), and cases cited therein, In re Lakehead Pipe Line Co, Inc, 36 Mich App 544; 194 NW2d 94 (1971). Defendant had the opportunity fully to contest the claim on December 1, 1971. If she failed to take advantage of her opportunity, she is barred from relitigating the merits of the action.
Defendant also contends that the time limitation should only be held applicable to estates of decedents, and not to estates of living persons. By its terms, the statutory time limit is not limited to claims against estates of decedents, and we are unable to find any authority in Michigan law for making such a distinction in the orders of a probate court. We are constrained to hold, therefore, *30 that the statute applies to orders entered by a probate court regarding estates of mental incompetents.
While Michigan law compels us to hold for the plaintiff in this matter, we do so with reluctance because we feel that the state should bear the burden of maintaining mental health facilities without requiring reimbursement from the next of kin. A family with a mentally ill member has visited upon them a person whose lack of mental or emotional perception poses an enormous psychic drain on everyone involved. Such families have a heavy enough cross to bear without adding catastrophic financial burdens. The state provides the same services for those who can well afford to pay as it does for those who can afford to pay nothing. In such cases we have little quarrel with the policy of the state. But in cases involving relatively small estates, families are virtually wiped out financially by these costs. We take the liberty of expressing our disapproval of MCLA 330.1800 et seq.; MSA 14.800(800) et seq.
Reversed and remanded.