## *In re* KASUBA ESTATE

## DEPARTMENT OF TREASURY v RICKLE

Docket No. 57723. Argued February 3, 1977 (Calendar No. 17).—
Decided October 24, 1977.

Rose Kasuba was admitted to a state hospital and adjudged mentally incompetent by the Presque Isle Probate Court in 1952. The Department of Treasury, Revenue Division, claimed reimbursement for her care against the estate, which was allowed by the probate court. The Attorney General petitioned for an order to show cause why the successor guardian, Delores Rickle, should not be removed for failure to sell property to pay the claim. The Attorney General also brought a petition against the children of Mrs. Kasuba for reimbursement for her care. The guardian petitioned for a rehearing on the allowance of the state's claim. The Probate Court, Charles C. Menefee, J., dismissed the petitions of the Attorney General and granted the rehearing; the Presque Isle Circuit Court, Joseph P. Swallow, J., denied the Attorney General's appeal and remanded to the probate court. The Court of Appeals, V. J. Brennan, P. J., and D. E. Holbrook and M. F. Cavanagh, JJ., reversed on the ground that the probate court had no jurisdiction to rehear the claim (Docket No. 19973). Defendant Rickle appeals on the limited issue whether the statutory three-month limitation on the power of probate courts to grant rehearings is constitutional. *Held:*

1. The statutory limitation is not in conflict with the provision of the Constitution giving the Supreme Court power to make rules governing practice and procedure in the courts of the state. The three-month limitation in the Probate Code is on the jurisdiction of the probate court to grant a rehearing. The Constitution provides for statutory definition of the jurisdiction of probate courts and the power of the Supreme Court to make rules of practice and procedure cannot be used to expand that jurisdiction without legislative consent.

REFERENCES FOR POINTS IN HEADNOTES
[1–5, 7] 20 Am Jur 2d, Courts §§ 32, 104.
[6] 16 Am Jur 2d, Constitutional Law §§ 548, 549, 572, 582.

2. The limitation period for a rehearing is not so' short as to effectively deprive a party of property without due process of law. Where an ample hearing is afforded, due process does not require a state to provide a rehearing or appellate review. Cases holding that limitations periods must afford a reasonable time within which a suit must be brought are concerned with limitations on an original cause of action, not on a rehearing.

3. The limitation on rehearings is not a denial of equal protection. The classification to which the three-month limitation is applicable embraces all persons interested in all matters within the jurisdiction of the probate court except juvenile orders. That is, save for orders concerning juveniles, all parties with claims involving matters subject to the jurisdiction of the probate court are uniformly affected. The classification is not "suspect" and the limitation rationally furthers the object of the Probate Code. The legislative policy favors the prompt and final settlement of the various claims on an estate, and the limitation on rehearings rationally furthers this purpose.

Affirmed.

65 Mich App 25; 236 NW2d 751 (1975) affirmed.

1. COURTS—PROBATE COURTS—JURISDICTION—REHEARINGS—THREE-MONTH LIMITATION—CONSTITUTIONAL LAW.

The statutory three-month limitation on the power of probate courts to grant rehearings is not in conflict with the provision of the Constitution giving the Supreme Court power to make rules governing practice and procedure in the courts of the state (Const 1963, art 6, § 5; MCL 701.19[6]; MSA 27.3178[19][6]).

2. COURTS—PROBATE COURTS—JURISDICTION.

The jurisdiction of the probate courts is defined entirely by statute (Const 1963, art 6, § 15).

3. COURTS—PROBATE COURTS—JURISDICTION—REHEARINGS—THREE-MONTH LIMITATION.

The three-month limitation for rehearings in the Probate Code is on the jurisdiction of the probate court to grant a rehearing (MCL 701.19[6]; MSA 27.3178[19][6]).

4. COURTS—PROBATE COURTS—JURISDICTION—CONSTITUTIONAL LAW—STATUTES.

The Constitution provides for statutory definition of the jurisdiction of probate courts and the power of the Supreme Court to make rules of practice and procedure cannot be used to expand

that jurisdiction without legislative consent (Const 1963, art 6, §§ 5, 15).

5. COURTS—PROBATE COURTS—REHEARINGS—THREE-MONTH LIMITATION—DUE PROCESS.

The three-month limitation for rehearings in probate court is not so short as to effectively deprive a party of rights without due process of law (US Const, Am XIV; Const 1963, art 1, § 17; MCL 701.19[6]; MSA 27.3178[19][6]).

6. CONSTITUTIONAL LAW—DUE PROCESS—TRIAL.

Due process is primarily concerned with providing the opportunity for *a* full and fair trial on the merits; where an ample hearing is afforded, due process does not require a state to provide a rehearing of the same matter, or a new trial, or even appellate review.

7. COURTS—PROBATE COURTS—REHEARINGS—THREE-MONTH LIMITATION—EQUAL PROTECTION.

The three-month limitation for rehearings in probate court is not a denial of equal protection; the classification to which the three-month limitation is applicable embraces all persons interested in all matters within the jurisdiction of the probate court except juvenile orders (US Const, Am XIV; Const 1963, art 1, §§ 1, 2; MCL 701.19[6]; MSA 27.3178[19][6]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Richard R. Roesch* and *Charles E. Liken,* Assistants Attorney General, for plaintiff Department of Treasury, Revenue Division.

*Radka & Lewis (Arthur J. Tarnow,* of counsel) for defendant Rickle.

RYAN, J. Appellant Delores Rickle, as guardian of Rose Kasuba, appeals from the decision of the Court of Appeals reversing the Presque Isle County Circuit Court's affirmance of an order of the probate court granting rehearing on certain claims asserted by the State of Michigan.

Rose Kasuba was declared mentally incompetent by the Presque Isle County Probate Court on

February 12, 1952. Her husband was appointed guardian and ordered to fully reimburse the state for her care. The required reimbursement was subsequently reduced to 10% of the cost of care. Mrs. Kasuba was released from the hospital in April, 1957 and was readmitted on June 30, 1960 as a public patient.

Mr. Kasuba died on September 23, 1965 and Rose Kasuba became possessed of her survivor's interest in a home in Presque Isle County and 80 acres in Otsego County.

Delores Rickle, appellant in this case, was appointed guardian in 1968. On June 27, 1971, Mrs. Rickle filed a petition to sell real estate and an order for hearing on claims was set for October 6, 1971. The Revenue Division of the Treasury Department of the State of Michigan filed a claim for reimbursement for the aforementioned care in the amount of $40,423.75. A hearing on the claim was scheduled and adjourned to December 1, 1971. On that date a hearing was held at which plaintiff and defendant appeared. The hearing resulted in an order allowing the state's claim. Copies of the order were mailed to the parties on June 20, 1972.

On July 3, 1972, the state filed a petition for an order to show cause why the guardian should not be removed for failure to sell the property and pay the claim, and on August 9, 1972 it filed an additional petition requesting reimbursement from Mrs. Kasuba's children. On October 12, 1972 the guardian filed a petition for rehearing. On October 19, 1972 the Presque Isle County Probate Court dismissed the state's petitions for removal of the guardian and reimbursement from Mrs. Kasuba's children, and granted a rehearing.

The decision of the probate court was affirmed in the Presque Isle County Circuit Court. The

Court of Appeals reversed on the grounds that "regardless of whether one counts from December 1, 1971, the date on which the order was filed, or June 20, 1972, the date on which copies of the orders were mailed to the parties, more than 90 days had elapsed, with the result that the probate court lost jurisdiction". *In re Kasuba Estate,* 65 Mich App 25, 28; 236 NW2d 751 (1975).

We granted leave to appeal limited to the issue of the constitutionality of the three-month limitations period on the power of probate courts to grant rehearings contained in MCLA 701.19(6); MSA 27.3178(19)(6) and the said statute as currently in effect.[1] 397 Mich 812 (1976).

We hold that the legislative limitation on the jurisdiction of the probate court to grant rehearings violates neither the Michigan Constitution nor the United States Constitution.

---

[1] MCLA 701.19(6); MSA 27.3178(19)(6) as applicable in the case at bar provides:

"Sec. 19. Each judge of probate shall have jurisdiction:

"(6) And shall have and exercise all such other powers and jurisdiction as are or may be conferred by law;

"To that end he may, upon the filing in said court of a petition therein, within 3 months of the original hearing, or of the rendering or making of any order, sentence or decree, as the case may be, and after due notice to all parties interested, grant rehearings, and may modify and set aside orders, sentences and decrees rendered in such court. * * * The court shall make and enter an order with respect to the original hearing or rehearing of contested matters within 3 months after the termination of such hearing or rehearing."

The wording of the statute was amended by 1974 PA 296 as follows:

"In the exercise of the court's jurisdiction, a judge of probate may, upon the filing of a petition in probate court, within 3 months of the original hearing, or of the rendering or making of any order, sentence, or decree, and after due notice to all parties interested, grant rehearings, and may modify and set aside orders, sentences, and decrees rendered in that probate court. The jurisdiction conferred by this section shall not be construed to deprive the circuit court in the proper county of concurrent jurisdiction as originally exercised over the same matter. The court shall make and enter an order with respect to the original hearing or rehearing of contested matters within 3 months after the termination of the hearing or rehearing. This subsection shall not apply to proceedings under chapter 10."

I

Appellant first contends that under Const 1963, art 6, § 5, which grants to the Supreme Court the power to make rules governing practice and procedure in the courts of the state, the statutory limitation period must give way to General Court Rule provisions, GCR 1963, 701 *et seq.,* for seeking relief from an order of the probate court. See GCR 1963, 16; *Perin v Peuler (On Rehearing),* 373 Mich 531; 130 NW2d 4 (1964). Specifically, the argument is that obedience to the limitation language of the statute in question means that in some instances a circuit court would be unable to remand a case to probate court for further proceedings and, therefore, GCR 701.10² could not have been followed even where the circuit court determined that the interests of justice required a remand, thus resulting in impermissible legislative invasion of a solely judicial prerogative. Assuming, without deciding, that a case could not be remanded to probate court after three months had passed from the date of the order appealed from, we believe the argument is without merit.

Const 1963, art 6, § 15 provides in pertinent part:

"The *jurisdiction,* powers and duties of the probate court and of the judges thereof shall be provided by law." (Emphasis added.)

We have said in considering the three-month limitation upon the authority of a probate court to

---

² Appellant points to the portion of GCR 1963, 701.10 which provided:

"The circuit court may render any judgment or make any order which should have been rendered or made in the lower court, and may grant such other relief as may be required for the just disposition of the appeal."

modify and set aside orders and to grant rehearings passed under a similar grant of power to the Legislature in Const 1908, art 7, § 13, that the jurisdiction of the probate courts is defined entirely by statute and that action by a probate judge beyond the three-month period is void for want of jurisdiction. *In re Dowling's Estate,* 308 Mich 129; 13 NW2d 233 (1944); *Smolenski v Kent Probate Judge,* 301 Mich 8; 2 NW2d 900 (1942). See also *In re Cummings Estate,* 355 Mich 210; 93 NW2d 881 (1959). The Constitution provides for statutory definition of the jurisdiction of probate courts and our power to make rules of practice and procedure cannot be used to expand that jurisdiction without legislative consent.

## II

MCLA 701.19(6); MSA 27.3178(19)(6) is also attacked for providing a limitation period so short that Mrs. Kasuba has effectively been deprived of property without due process of law. We cannot agree.

It is well established that due process is primarily concerned with providing the opportunity for a full and fair trial on the merits. *Ridenour v Bay County,* 366 Mich 225; 114 NW2d 172 (1962). Where an ample hearing is afforded, due process does not require a state to provide a rehearing of the same matter or a new trial, *Pittsburgh, C C & St L R Co v Backus,* 154 US 421; 14 S Ct 1114; 38 L Ed 1031 (1894); *James v Appel,* 192 US 129; 24 S Ct 222; 48 L Ed 377 (1904), or even an appellate review, *United States v MacCollom,* 426 US 317; 96 S Ct 2086; 48 L Ed 2d 666 (1976); *Griffin v Illinois,* 351 US 12; 76 S Ct 585; 100 L Ed 891 (1956); *McKane v Durston,* 153 US 684; 14 S Ct 913; 38 L Ed 867 (1894); *J F Hartz Co v Lukaszcew-*

*ski,* 200 Mich 230; 167 NW 18 (1918); *Messenger v Teagan,* 106 Mich 654; 64 NW 499 (1895).[3]

In the case at bar, a hearing was held in the probate court after the guardian filed notice of contest to the state's claim. There is no claim regarding the adequacy of that hearing. A rehearing could have been applied for. Appeal of the order was available to the circuit court which was empowered to make any order or render any judgment that should have been made or rendered in the probate court or grant any other relief required by justice, and none was taken. GCR 1963, 701.10.

Our cases holding that limitations periods must afford a reasonable time within which a suit must be brought are of no avail to appellant. See *Dyke v Richard,* 390 Mich 739; 213 NW2d 185 (1973); *Price v Hopkin,* 13 Mich 318 (1865). They are concerned with limitations on an original cause of action. The grant of jurisdiction to the probate court to order rehearings within a limit of three months does not cut off the right to *any* hearing on a claim. Appellant does not call attention to any case of this Court finding a limitation period on the right to *rehearing* as being unreasonable. Appellant has not been deprived of property without due process of law.

## III

Appellant contends finally that the challenged statutory provision deals arbitrarily with a mentally ill person subject to the jurisdiction of the probate court in violation of the equal protection provision of the state and Federal Constitutions,

---

[3] Const 1963 does provide a right to appeal certain kinds of cases. *See, e.g.,* Const 1963, art 1, § 20.

because the three-month limitation on rehearings applicable to the incompetent is not applicable to others before our courts.[4] It is argued that if the state or any other party had a claim against Mrs. Kasuba and were she not incompetent, the circuit court would have had jurisdiction to determine the claim and, pursuant to GCR 1963, 528,[5] could have granted relief from the judgment during a period in excess of three months.

With exceptions not pertinent here, one of two standards is generally applied in scrutinizing legislation to determine whether it creates impermissible classifications. Where the legislative classification discriminates against a "suspect" class or impinges on a "fundamental" right, courts will examine it with "strict scrutiny" to identify some compelling state interest justifying the classification. If neither a suspect class nor fundamental

---

[4] US Const, Am XIV; Mich Const 1963, art 1, §§ 1, 2.

[5] GCR 1963, 528.3 provides:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under subrule 527.2; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than 1 year after the judgment order or proceeding was entered or taken. A motion under subrule 528.3 does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in subrule 528.2 above, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."

rights are involved, the classification will be upheld if it rationally furthers the object of the legislation. *San Antonio Independent School District v Rodriguez,* 411 US 1; 93 S Ct 1278; 36 L Ed 2d 16 (1973); *Manistee Bank & Trust Co v McGowan,* 394 Mich 655; 232 NW2d 636 (1975). Under this second test, a legislative classification will only be found invalid where persons are treated differently on the basis of criteria wholly unrelated in a rational way to the objective of the statute. *Reed v Reed,* 404 US 71; 92 S Ct 251; 30 L Ed 2d 225 (1971).

The classification to which the three-month limitation on rehearings is applicable embraces *all* persons interested in *all matters* within the jurisdiction of the probate court except juvenile orders.[6]

---

[6] As to juvenile proceedings, MCLA 712A.21; MSA 27.3178(598.21) provides:

"Sec. 21. Any interested person, at any time while the child is under the jurisdiction of the court, may file a petition, in writing and under oath, for a rehearing upon all matters coming within the provisions of this chapter, and upon the rehearing the court may affirm, modify or set aside any order so reviewed. If parental rights have been terminated by an order entered in the proceedings and custody of the child has been removed from the parents, guardian or other person, the petition for rehearing shall be filed within 3 months from the date of entry of the order terminating parental rights; and the petition shall set forth in detail the place, manner and all other information requested by the court in reference to the proposed future custody of the child. The rehearing shall be conducted in accordance with the provisions of this chapter relative to the conduct of original hearings. At any time the court may enter an order for supplemental disposition as long as the child remains under the jurisdiction of the court."

That the separate treatment of juvenile matters is a legislative judgment which rationally serves the purposes of the statute is manifest when the declared purpose of the separate portion of the Probate Code dealing with Juveniles and Juvenile Division, Chapter XIIA, is examined. Section 1 thereof, MCL 712A.1; MSA 27.3178(598.1), describes the basis of a separate subclassification of juvenile orders:

"Sec. 1. While proceeding under this chapter, the probate court shall be termed the juvenile division of the probate court.

"Proceedings under this chapter shall not be deemed to be criminal proceedings.

"This chapter shall be liberally construed to the end that each child

The Legislature has given the probate court jurisdiction over a variety of matters including decedents' estates, trusts, minors' estates and incompetents' estates. In limiting rehearings to three months, with the exception noted, it treats all such matters equally.

We would also point out that the provision may work to the benefit of a person like Mrs. Kasuba. Estates of incompetent persons, and others subject to the probate court's jurisdiction, are, by virtue of the statute under attack, not subject to rehearings on the claims of creditors where there is some claim of mistake or newly discovered evidence. That is, save for orders concerning juveniles, all parties with claims involving matters subject to the jurisdiction of the probate court are uniformly affected by the three-month limitation.

We do not employ the "strict scrutiny" standard in examining the legislative classification in issue. It does not, by purpose or effect, create a constitutionally suspect classification. Suspect classifications include race, and in some settings national origin, alienage, indigency and illegitimacy. *San Antonio Independent School District v Rodriguez, supra* (Stewart, J., concurring). Nor does the legislation impinge on a fundamental right explicitly or implicitly guaranteed by the constitution. As we have said in part II, *supra,* due process does not guarantee the right to a rehearing at all.

The correct standard, then, against which the legislation assigning selected matters to the jurisdiction of the probate court and limiting rehear-

coming within the jurisdiction of the court shall receive such care, guidance and control, preferably in his own home, as will be conducive to the child's welfare and the best interest of the state and that when such child is removed from the control of his parents the court shall secure for him care as nearly as possible equivalent to the care which should have been given to him by them."

ings to three months should be measured is whether it rationally furthers the object of the Probate Code. We conclude that it does.

Classifications are not required to be made with mathematical precision. *Dandridge v Williams,* 397 US 471; 90 S Ct 1153; 25 L Ed 2d 491 (1970). The classification in question is one which entrusts certain matters to the probate courts and treats all parties uniformly with respect to those matters. At issue in the case at bar is the administration of estates. Typically, the settlement of estates will concern the rights and claims of multiple parties with respect to a fixed aggregation of property that may fluctuate in value. The legislative policy in limiting rehearings on such matters is one favoring the prompt and final settlement of the various claims on an estate. We believe the limitation on rehearings rationally furthers this purpose.

The judgment of the Court of Appeals is affirmed.

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLEMAN, FITZGERALD, and BLAIR MOODY, JR., JJ., concurred with RYAN, J.